UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
SEP 7 - 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-551-GWU

BRENDA F. NOE,                                                      PLAINTIFF,

VS:                  MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT,

## INTRODUCTION

Brenda Noe brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Noe, a 48 year-old former teacher's assistant with a high school equivalent education, suffered from impairments related to chronic low back pain (being status post L5-S1 laminectomy) with degenerative disc disease of the lumbar spine. (Tr. 16, 19). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 22-23). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 23). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 21-22).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Linda Sparrow

5

included an exertional limitation to light level work along with such non-exertional restrictions as an inability to more than occasionally climb, bend, twist, stoop, kneel or crawl and an inability to ever operate foot pedal controls with the left leg. (Tr. 327-328). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 328). Therefore, assuming that the vocational factors considered by Sparrow fairly depicted Noe's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question presented to Sparrow fairly characterized Noe's condition, as required by Varley. Dr. Greg Wheeler, a treating source at the Spine and Brain Neurological Center, opined that the plaintiff "could not return back to work at this time" in August of 2003. This preclusion of the past work is compatible with the ALJ's denial decision. Dr. Jackie Maxey of Parkway Medical Associates, indicated that the claimant would have problems with twisting and lifting. (Tr. 178). These limitations were adequately covered in the hypothetical question. The only functional restrictions indicated by Dr. Theo Jackson, an examining consultant, was a need to quit smoking and exercise more.[1] (Tr. 175). The hypothetical question was also essentially consistent with the functional limitations indicated by Dr. David Swan (Tr. 164-172) and Dr. John Rawlings (Tr. 193-199), the non-examining medical reviewers. More severe specific functional limitations than those presented in the hypothetical question were not identified by such treating and examining sources of record as Dr. Bobby Kidd (Tr. 156-161) and Dr. Kevin Kavanagh (Tr. 162-163). These reports provide substantial evidence to support the administrative decision.

---

[1] Despite this medical advice, the plaintiff testified at the hearing that she continued to smoke cigarettes. (Tr. 311).

Noe asserts that the hypothetical question did not fairly characterize her condition because the ALJ omitted any reference to her problems with depression. However, the Sixth Circuit Court of Appeals has recently reiterated that hypothetical questions are not required to include specific diagnoses. Webb v. Commissioner of Social Security, 368 F.3d 629 (6th Cir. 2004). The plaintiff cites no specific mental restrictions in the record which should have been included in the hypothetical question. Psychologists Jay Athy (Tr. 141) and Laura Cutler (Tr. 179), the medical reviewers, each opined that the claimant's mental problems did not constitute a "severe" impairment. Therefore, the Court must reject Noe's argument.

Noe also argues that the ALJ erred by failing to provide specific rationale for rejecting the credibility of her testimony. However, the undersigned notes that the ALJ indicated a number of reasons for this action, including the conservative nature of the plaintiff's treatment, the relatively unremarkable nature of her many physical examinations, the lack of documentation concerning musculoskeletal abnormalities supporting her claim of disabling pain, her lack of participation in rehabilitative therapies, and her use of only mild oral analgesics to control pain. (Tr. 20). The ALJ also noted the claimant's extensive activities which included cooking, doing the laundry, driving, grocery shopping, and visiting with others. (Tr. 20). Therefore, the Court must reject the claimant's argument.

The Court notes that Noe submitted additional medical records directly to the Appeals Council which were never seen by the ALJ. (Tr. 289-300). This action issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, "...but only upon a showing that there is new evidence to be taken which is material and there is

7

good cause for the failure to incorporate such evidence into the record in a prior proceeding..." 42 U.S.C. Section 405(g). The statute provides that a claimant must prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding. Sizemore v. Secretary of Health and Human Services, 865 F.2d 709, 710 (6th Cir. 1988). In the present action, the plaintiff has adduced no arguments as to why such a remand is required.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the __7__ day of September, 2006.

G. WIX UNTHANK
SENIOR JUDGE